[Civ. No. 8871. Second Appellate District, Division Two.—June 20, 1934.]

DOLLIE WATERBURY, Respondent, v. ELYSIAN SPRING WATER COMPANY (a Corporation) et al., Appellants.

Lasher B. Gallagher for Appellants.

Edwards & Taylor for Respondent.

SCOTT, J., *pro tem.*—This is an action by the mother, being the sole heir at law, of a minor child, Harmon Little, to recover damages for the death of said child which is alleged to have been caused by the negligence of defendants. The jury gave a verdict in favor of plaintiff in the sum of $5,500 and a motion for new trial was denied. Defendants appeal.

The evidence showed that the deceased was in the street at about 3:45 P. M. on February 8, 1932, when he was struck by a truck operated by defendant Rodgers, an employee of his co-defendant, Elysian Spring Water Company, and that he died the same day. At the time of his death he was eleven years of age. The accident occurred on Court Street in the city of Los Angeles, at a point several yards west of its intersection with Hope Street.

The points made for reversal are set out in appellants' brief as follows: 1. Errors in instructions. 2. Prejudicial

misconduct of plaintiff's counsel. 3. Insufficient evidence. 4. Contributory negligence of deceased as a matter of law.

Appellants complain of the following language in an instruction embraced within the court's charge to the jury: "You are not confined, however, in your estimate of the monetary loss to the parent to the period of minority of the child, for the relation of parent and child, of course, does not terminate when the child reaches its majority, and thereafter there remain certain legal obligations of support that are recognized in the laws and are enforceable by appropriate legal proceedings. For it is the duty of the father and mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. You have a right to take into consideration the probable length of life of the parent and the probability, if such you find from the evidence, that the child even after its majority might do that which the law did not require, namely, aid in the support of the parent." The specific criticism of the foregoing language as an instruction to the jury is: (1) that the instruction in so many words informs the jury that the plaintiff is a poor person; (2) it permitted the jury to award damages for the loss of support although the only elements of damage claimed in the complaint were *society* and *comfort*, and (3) it permitted the jury to speculate and surmise as to whether the plaintiff would, after the child reached its majority, be a *poor person* and unable to maintain herself by work.

■ The portion complained of as informing the jury that plaintiff is a poor person, and which merely states the substance of section 206 of the Civil Code, cannot be said to have that effect. The case of *Green* v. *Southern Pac. Co.*, 122 Cal. 564 [55 Pac. 577], cited by appellant, is authority for the exclusion of *evidence* as to plaintiff's financial condition, but no such evidence was offered or admitted here. [2] The plaintiff's allegation "that by reason of the death of the said Harmon Little, a minor, plaintiff herein has been deprived of his love, society and comfort to her damage in the sum of $15,000.00" was sufficient basis on which to recover for loss of support. "It was not necessary to specifically allege the loss of society, comfort, protection or services. Evidence could be given of the facts relating thereto and allowance could be made therefor under the general

allegation of damages." (*Bond* v. *United Railroads*, 159 Cal. 270, 286 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687].) The question whether plaintiff would be a poor person after the child had attained his majority is merely one of the circumstances concerning which the jury was called upon to exercise its judgment under the evidence. The instruction as given was approved by the court in *Wong Kit* v. *Crescent Creamery Co.*, 87 Cal. App. 563, 579 [262 Pac. 481], and was properly given in this case.

 The trial court instructed the jury: "If your verdict shall be for the plaintiff, such damages may be given by you as, under all the circumstances of the case, may be just; and in determining the amount of such damages you have the right to take into consideration the pecuniary loss, if any, suffered by the plaintiff Dollie Waterbury, mother of Harmon Charles Little, resulting from the death of said Harmon Charles Little. The loss which the plaintiff is entitled to recover in such a case as this is what the deceased would have probably earned and accumulated by his labor in his business or calling during the residue of his life and which would have gone to the benefit of his mother, taking into consideration his age, health, habits of industry, ability and disposition to labor and the probability of his length of life." This instruction correctly states the law with reference to the measure of damages and was properly given under the evidence and in connection with other instructions. (Code Civ. Proc., sec. 377; *McKeever* v. *Market St. Ry. Co.*, 59 Cal. 294.)

 The jury was further instructed: "The question as to whether or not the deceased, Harmon Charles Little, was guilty of negligence is one of the facts to be determined by the jury from all the evidence in the case, taking into consideration the age and capacity of the deceased, and all the other facts and circumstances appearing in the evidence. You are further instructed that the law only requires of a child the care and prudence equal to the child's capacity." Appellants contend that this instruction is an incorrect statement of the law relating to the duty and care required by children. It is, however, but a condensed statement of the law as announced in *Merryman* v. *Chicago etc. R. R. Co.*, 85 Iowa, 635 [52 N. W. 545], and quoted with approval

in *Bolar* v. *Maxwell Hardware Co.*, 205 Cal. 396, 401 [271 Pac. 97, 60 A. L. R. 429], as follows: "The law imposes upon minors the duty of giving such attention to their surroundings and care to avoid danger as may fairly and reasonably be expected from persons of their age and capacity." If the instruction was not sufficiently explicit to satisfy appellants it was incumbent upon them to offer additional instructions to supplement it, and having failed to do so they cannot now complain. (*Peluso* v. *City Taxi Co.*, 41 Cal. App. 297 [182 Pac. 808].)

With reference to the remaining instructions assailed by appellants it would require a strained and unreasonable construction of them, in the light of the court's entire charge, to say that they had misled the jury on any element of law involved in the case.

Complaint is made of alleged misconduct of plaintiff's counsel. A defense witness, Shiffman, was called by defendants solely to impeach the testimony of a witness for plaintiff. Shiffman on cross-examination testified without objection that he and his brother worked for the West Coast Claims Bureau as investigator and solicitor, respectively, and was asked, "If you or your brother heard of someone sustaining a personal injury or heard of a boy getting killed, or a person getting killed, you immediately went out to their home and solicited that case, is that true?" To this the witness replied: "Well, that isn't quite true but it is approximately the idea." Plaintiff's counsel then asked: "In other words, the West Coast Claims Bureau is one of these companies that The State Bar has virtually placed out of commission for ambulance chasing?" to which the witness responded, "That isn't true." Defendants assigned the asking of the last question as misconduct and moved for a mistrial. The court promptly ordered the question and answer stricken from the record, instructed the jury to disregard both and at the conclusion of the trial instructed them that they must not consider for any purpose evidence stricken out. It was probably distasteful to the witness Shiffman and to defendants to have the former's occupation described by a colloquial expression to which opprobrium has rightly attached. Without objection, however, he had admitted in effect that he was thus engaged, and it does not

appear that any prejudice could have resulted in view of the prompt ruling of the court.

■ Appellants' remaining contentions, that evidence of negligence of defendants was lacking and that deceased was guilty of contributory negligence as a matter of law, cannot be sustained.

Defendant Rodgers was driving the bottled water truck of his employer west on Court Street. The weather was misty and it started to rain. At the corner of Hope Street he stopped the truck and got a rag with which he wiped the windshield. He then proceeded west on Court Street in second gear, at four to five miles per hour, the right side of the truck being about a foot and a half out from the cars parked at the curb. He saw some boys skating around a pool of water in the street, but did not see deceased and did not sound his horn. When he had proceeded 150 feet from the intersection he heard a horn sound to his rear, stopped his car within three feet, alighted and went back. He found the boy lying in the street seventy-five feet to the rear between the tracks which the truck had made. The boy had been in the street a short distance from the curb, stooped over as though picking up something, and was facing the center of the street when the bumper of the truck struck him and the right front wheel passed over him. Some other testimony was adduced at the trial, but the foregoing sets out the matters concerning which there is no substantial conflict and which were impliedly found by the jury to be true.

The jury had evidence from which it could determine that by the exercise of ordinary care defendant Rodgers should have seen deceased and realized that the latter was unaware of the approach of the truck, and his failure to do so placed upon him the whole blame for the accident. Whatever negligence deceased may have been guilty of cannot be said to have contributed proximately to his injury and death. (*Scandalis* v. *Jenny*, 132 Cal. App. 307 [22 Pac. (2d) 545].)

■ The law imposes upon drivers of motor vehicles the duty not alone of operating their machines within prescribed limits of speed, but also of using due caution and circumspection, being watchful and alert at all times to observe the presence on the highway of other vehicles and pedestrians. This duty requires attention to the safety of children when it is observed by a driver that they are playing

362

in or near a street. If Rodgers had exercised the degree of care which the law demands he would have seen the boy and could have averted the tragedy.

Judgment affirmed.

Stephens, P. J., and Desmond, J., concurred.