[Civ. No. 9874. First Appellate District, Division One.—December 21, 1936.]

JAMES T. KENNEY, Jr., a Minor, etc., Appellant, v. ANTIOCH LIVE OAK SCHOOL DISTRICT (a Body Corporate and Politic) et al., Respondents.

Lafayette J. Smallpage and George F. Buck for Appellant.

James F. Hoey and F. G. Hamilton for Respondents.

KNIGHT, J.—Plaintiff, a ten-year-old pupil attending the Antioch Live Oak School was struck in the face by a baseball bat which flew from the hands of another pupil while they were playing a game of baseball on the school grounds during school hours, under the direction and supervision of the principal and the physical education teacher of said school, as part of the physical education course which plaintiff was required to take along with other school work. As a result of the accident plaintiff suffered the permanent loss of three upper front teeth; and through his guardian *ad litem* he brought this action for damages against the district, its board of trustees, and the principal and the physical education teacher thereof, alleging that the accident was proximately caused by the carelessness and negligence of said teachers in directing him to stand in a dangerous position to the left of and about three feet behind the student who was "at the bat" and about to bat the ball. The trial court sustained defendants' demurrer to the complaint without leave to amend, and from the judgment of dismissal entered pursuant thereto plaintiff appeals.

The sole question presented is whether plaintiff is precluded from maintaining the action against any of said defendants by reason of his failure to present and file a verified claim for damages within ninety days after the accident, as provided in section 1 of an act of the legislature passed in 1931 (chap.

1168, Stats. 1931, p. 2476, and designated in Deering's General Laws, 1931 edition, as Act 5150.) In this regard the complaint alleges that such a claim was presented and filed, but it appears that this was not done until more than five months subsequent to the accident; and the parties agree that it was upon the latter ground and upon the authority of *Thompson* v. *County of Los Angeles,* 140 Cal. App. 73 [35 Pac. (2d) 185], and *Phillips* v. *County of Los Angeles,* 140 Cal. App. 78 [35 Pac. (2d) 187], that the demurrer was sustained without leave to amend.

It would seem from the decisions that there has been considerable uncertainty in the law regarding the necessity of presenting and filing claims for damages in certain classes of tort cases as a prerequisite to the commencement of actions against public and *quasi*-public corporations. This has been due, it appears, to ambiguous and overlapping statutory enactments and to more or less conflicting language used in some of the decisions construing those enactments; and a rehearing was granted in the present case to consider the effect of a recent decision rendered on rehearing by the District Court of Appeal of the Second District reversing a judgment on demurrer in the case of *Jackson* v. *City of Santa Monica,* 13 Cal. App. (2d) 376 [57 Pac. (2d) 226], wherein the plaintiff there failed to present or file a claim for damages in conformity with the provisions of Act 5150 prior to the commencement of his action against said city for damages for personal injuries sustained through the alleged negligent operation of the city's bus in which plaintiff was riding as a passenger. Subsequently the Supreme Court denied a petition for hearing before that court; so that the decision on rehearing in that case may now be taken as having definitely settled the law upon the subjects therein discussed and decided; and in view of the limitations placed by the court in that case upon the operation of said Act 5150, it is manifest that the judgment in the present case must likewise be reversed.

As pointed out therein, in 1931 the legislature passed two measures requiring the presentation and filing of verified claims as a prerequisite to the commencement of actions for damages against public and *quasi*-public corporations and their officers and employees, arising out of certain classes of torts. Both measures were approved June 19, 1931. The

first act (chap. 1167, Stats. 1931, p. 2475) is designated in Deering's General Laws, 1931 edition, as Act 5149. The title thereto reads as follows: "An act relating to the liability in damages of municipalities, counties, cities and counties, and school districts, in the case of injuries to persons or property resulting from the defective or dangerous condition of public streets, highways, bridges, buildings, works or property . . . "; and section 1 thereof provides: "Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, a verified claim for damages shall be presented in writing and filed with the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred."

The other measure is Act 5150, hereinabove cited; and the title thereto reads as follows: "An act relating to the liability in damages of officers of municipalities, counties, cities and counties, school districts, and the State of California, in the case of injuries to persons or property resulting from the defective or dangerous condition of public streets, highways, bridges, buildings, works or property, *and* alleged to be due to the negligence or carelessness of such officers; prescribing the duties of claimants in such cases, and authorizing the state and such public or *quasi*-public corporations to take out and pay for insurance to protect their officers against such liability." Section 1 of the act provides: "Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, *and/or* the negligence or carelessness of any public officer, a verified claim for damages shall be presented in writing and filed with such officer and the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred. . . ." (Italics ours.) Section 2, as amended in 1933 (Stats. 1933, p. 2147), makes it the duty of the attorney for such corporations to defend the actions; section 3 authorizes the taking out and paying for indemnity insurance; and section 4, as amended in 1933 (Stats. 1933, p. 2148), reads: "The word 'person'

includes any pupil attending the public schools of any school or high school district. The words 'public property' include any vehicle, implement or machinery owned by a municipality, county, city and county, school district, or the State of California, or operated by or under the direction or authority or at the request of any public officer. The words 'public officer', 'officer' or 'officers' include any deputy, assistant, agent or employee of a municipality, county, city and county, school district or the State of California, acting within the scope of his office, agency or employment.''

■ Admittedly we are here concerned only with Act 5150; and in *Jackson* v. *City of Santa Monica, supra,* it was held, among other things, that on account of an inadequate title to said Act 5150 the provisions of the act relating to the presentation and filing of claims for damages are restricted to the class of cases embraced within the title, namely, to cases founded on the alleged negligent acts of officers and employees in connection with the dangerous and defective condition of streets, highways, bridges, buildings, works or property, and that cases based on general acts of negligence of such officers and employees do not fall within the scope of the act. Furthermore, it was held that the amending act of 1933 did not cure the defect in the original title; that even though the definition of the word ''property'' as set forth in the 1933 amendment be carried into the title of said act and be read as including motor vehicles, it still relates only to the dangerous or defective condition of the property and not to its operation, and that a claim based solely upon negligence in the operation of such a vehicle is not within the scope of said title.

■ The present action, as will be noted, is not founded on any claim of negligence growing out of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, but is based on alleged acts of negligence on the part of the individual defendants in directing a game of baseball which was being played as a part of the physical education course of the school; and consequently, under the decision in *Jackson* v. *City of Santa Monica, supra,* the cause of action set forth in the complaint herein does not fall within the operation of said Act 5150; and that being so, plaintiff was not required to present or

file any claim for damages as a prerequisite to the commencement of the action.

The case of *Myers* v. *Hopland U. E. School Dist.*, 6 Cal. App. (2d) 590 [44 Pac. (2d) 654] (petition for hearing before the Supreme Court denied), is not cited or referred to in the Santa Monica case; and it would seem that the ruling in the latter case is somewhat at variance with the concluding portion of the decision in the Hopland School District case wherein the latter declares that by reason of the 1933 amendment to said Act 5150 its provisions are now applicable to causes of action against school districts, whether they come within the provisions of Act 5150, section 1714½ of the Civil Code (which relates to the negligent operation of automobiles belonging to public or *quasi*-public corporations), or section 2,801 of the School Code (upon which plaintiff herein asserts his action is based, and which deals with the liability of school trustees for injuries "to any pupil arising out of the negligence of the district or its officers or employees"). However, since the decision in the Santa Monica case is the last pronouncement upon the subject, the law declared therein doubtless prevails.

The cases of *Thompson* v. *County of Los Angeles, supra,* and *Phillips* v. *County of Los Angeles, supra,* upon the authority of which the trial court's decision herein was based, are not pertinent because they arose under Act 5149, which admittedly is not here involved.

No other points being urged against the sufficiency of the complaint, the order sustaining the demurrer thereto without leave to amend and the judgment of dismissal based thereon are reversed.

Tyler, P. J., and Cashin, J., concurred.