[Civ. No. 12601. Second Appellate District, Division Two.—December 31, 1940.]

JENE JACKMAN, Appellant, v. Dr. JOSEPH H. PATTERSON et al., Respondents.

Samuel A. Rosenthal and Philip Cohen for Appellant.

J. H. O'Connor, County Counsel, W. B. McKesson, Gerald G. Kelly and J. F. Moroney, Deputies County Counsel, and W. I. Gilbert for Respondents.

McCOMB, J.—From a judgment of dismissal predicated upon the sustaining without leave to amend of defendants' general demurrers to plaintiff's complaint as amended in an action for damages resulting from alleged malpractice, plaintiff appeals.

The complaint as amended alleged in substance that plaintiff in September, 1938, was a patient in the Los Angeles County General Hospital operated by the County of Los Angeles; and that defendants, physicians employed by said county, treated plaintiff in such a manner as to constitute malpractice, which resulted in serious damage to plaintiff.

This is the sole question necessary for us to determine:

*Was there a material allegation to a cause of action lacking in the complaint as amended, since it failed to allege that plaintiff had within 90 days after the alleged acts of malpractice presented a verified claim for damages in writing to defendants and filed a copy thereof with the clerk or secretary of Los Angeles County, as provided in section 1 of Act 5150, Deering's General Laws, vol. 2, p. 2205?*

This question must be answered in the negative. It is conceded that Act 5150 as originally adopted in 1931 was inapplicable to a group of facts such as set forth in the present case. By amendment in 1933 the legislature endeavored to make the act applicable to a situation such as we have here presented, by providing that the act should apply in the cases of injuries to persons or property resulting from the negligence or carelessness of officers employed by counties, etc. However, the amendment was held unconstitutional and inoperative as to a set of facts such as are here presented in *Jackson* v. *City of Santa Monica,* 13 Cal. App. (2d) 376, 386 [57 Pac. (2d) 226], for the reason that the title of Act 5150, Deering's General Laws, failed to express the subject of the amendment to the act, in conformity with the requirements of article 4, section 24 of the Constitution of California.

In attempting to cure the defect in the act as indicated in the case just cited, the legislature in 1937 adopted an act (chap. 269, Statutes [1937]), the title to which read thus:

"An act to amend the title of an act entitled 'An act relating to the liability in damages of officers of municipalities, counties, cities and counties, school districts, and the State of California, in the case of injuries to persons or property resulting from the defective or dangerous condition of public streets, highways, bridges, buildings, works or property, and alleged to be due to the negligence or carelessness of such officers; prescribing the duties of claimants in such cases, and authorizing the State and such public or *quasi*-public corpora-

tions to take out and pay for insurance to protect their officers against such liability,' approved June 19, 1931, and approved as amended June 10, 1933, RELATING TO· LIABILITY OF, AND· DAMAGES AGAINST, SCHOOL DISTRICTS.'' (Capitals added.)

This later act it is claimed is likewise unconstitutional as not complying with article IV, section 24 of the California Constitution, in that the subject of the act is not expressed in the title thereto. This claim is undoubtedly sound. It is clear that the title of the act, as we have indicated by the portion which has been printed in capitals, restricts its scope to acts ''relating to liability of, and damages against, school districts.'' Therefore, the provision in section 1 of the 1937 act reading, ''and/or liability in damages of such officers in the case of injuries to persons or property resulting from the negligence or carelessness of such officers'' has no relation to the subject expressed in the title of the 1937 act, and it contravenes the requirements of article IV, section 24 of the Constitution and is thus invalid and of no effect.

In view of our conclusions, Act 5150 stands, so far as applicable here, in the same position as when originally enacted in 1931, and, since at such time it did not apply to a set of facts such as now confront us, there was no requirement that plaintiff comply with the provisions thereof. His complaint as amended stated a cause of action, and demurrers thereto should have been overruled.

The judgment is reversed and the trial court is directed to overrule defendants' demurrers and allow them a reasonable time within which to file answers if they are so advised.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied on January 28, 1941, and respondents' petition for a hearing by the Supreme Court was denied on February 27, 1941.