[L. A. No. 18706. In Bank. Dec. 14, 1943.]

GENEVA DILLARD et al., Appellants, v. COUNTY OF KERN, Respondent.

Charles I. Rosin for Appellants.

Borton, Petrini, Conron & Borton for Respondent.

CARTER, J.—A judgment of dismissal was entered after the demurrer of defendant Kern County was sustained without leave to amend, in a wrongful death action based upon section 400 of the Vehicle Code and arising from the alleged negligence of the county and its agents and servants in the operation of a motor vehicle.

The chief controversy presented by this appeal is the sufficiency of the claim filed by plaintiffs with Kern County under the claim statutes. Plaintiffs allege that the accident resulting in the death occurred on September 24, 1940, and that on March 24, 1941, they presented to the county a claim reading in part as follows: "CLAIM OF GENEVA DILLARD,

274

WIDOW OF HENRY DILLARD, DECEASED, AND ARLEY DILLARD, A MINOR CHILD OF HENRY DILLARD, DECEASED: Damages suffered by claimants, Geneva Dillard, widow of Henry Dillard, Deceased and Arley Dillard, a minor child of Henry Dillard, Deceased, as a result of the negligence of the County of Kern and the State Department of Forestry, State of California, through their agents and servants causing truck operated by said County of Kern and the California State Department of Forestry, to collide with automobile in which claimants' husband and Father, Henry Dillard, deceased, was riding, to-wit: On September 24, 1940, at approximately the hour of 8:00 o'clock P. M. at the intersection of the Edison Highway and Weedpatch Road, Kern County, State of California: Death of Husband and Father of claimants and loss of his support, society and comfort . . . $30,000.00.'' The claim was rejected on its merits, no notice being given of any deficiency in its form.

In 1931 two claim statutes were passed. (Stats. 1931, p. 2475, Deering's Gen. Laws, 1937, Act 5149; Stats. 1931, p. 2476, Deering's Gen. Laws, 1937, Act 5150.) ▇▇ The first act (Stats. 1931, p. 2475) requires the filing of a claim with the specified agency where any person has been injured or any property damaged by reason of the dangerous or defective condition of the property of any of the public agencies therein designated. That statute does not apply where the liability of the public agency is predicated upon the negligence of an officer or employee and the doctrine of *respondeat superior,* as differentiated from the situation where the liability is based upon negligence in connection with the dangerous or defective condition of the public agency's property. Specifically, it does not apply to the liability of a public agency based upon the negligence of an officer or employee in the operation of a motor vehicle under section 400 of the Vehicle Code. (*Raynor* v. *City of Arcata,* 11 Cal.2d 113 [77 P.2d 1054].)

▇▇ The second act (Stats. 1931, p. 2476) likewise provides for the filing of claims in certain instances. But that statute, even as amended in 1937 (Stats. 1937, p. 585), applies only to actions against officers or employees of the public agency and not to actions against the public agency. (*Redlands etc. School Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490].) Moreover, that statute does not apply to a liability unless it arises from negligence connected with the

dangerous or defective condition of public property. That was declared to be the limit of its application in its original form in 1931 and after its amendment in 1933. (*Jackson* v. *City of Santa Monica*, 13 Cal.App.2d 376 [57 P.2d 226]; *Kenney* v. *Antioch L. O. School Dist.*, 18 Cal.App.2d 226 [63 P.2d 1143]; *Ogando* v. *Carquinez G. School Dist.*, 24 Cal.App.2d 567 [75 P.2d 641].) Its amendment in 1937 (Stats. 1937, p. 585) did not change that limitation. (*Jackman* v. *Patterson*, 42 Cal.App.2d 255 [108 P.2d 682].) It should be noted that claim provisions are now embraced in the Government Code. (Stats. 1943, ch. 134, p. 896.)

In the instant case the appeal is from a judgment after an order sustaining the demurrer of defendant Kern County and it does not appear that the negligence arose out of the dangerous or defective condition of public property, hence neither of the 1931 claim statutes applies.

 Section 4075 of the Political Code is applicable to claims of the character involved in the instant case. (*Artukovich* v. *Astendorf*, 21 Cal.2d 329 [131 P.2d 831].) It provides that no claim against the county shall be considered by the board of supervisors unless it is itemized, giving names, dates, etc., and is presented within a year after the last item of the claim accrued; that "*If, in case of any claim which requires itemizing, the board do not hear or consider the same because it is not itemized, they shall cause notice to be given to the claimant or his attorney of that fact and give time to have the claim itemized* and reverified; provided that the verification of claims may be dispensed with as provided in section 4076 of this code. All claims against any county . . . whether such claim be founded upon contract . . . or upon any act or omission of the county or any officer or employee thereof, . . . shall be presented to the board of supervisors as herein provided before any suit may be brought on any such claim, and no suit shall be brought on any such claim until said claim has been presented as herein provided and rejected in whole or in part. In presenting any claim not founded upon contract full details as to the nature of the claim, the time and place when and where it arose, the public property and public officers or employees alleged to be at fault, the nature, extent and amount of the injury or damage claimed, and all other details necessary to a full consideration of the merit and legality of such claim shall be stated in writing signed by the claimant or someone authorized by

him, *and in all other respects such claims shall be presented and acted upon in the same manner as claims founded upon contracts.*" (Emphasis added.) Apparently the first part of that section is concerned with contract claims, requiring that they be itemized and setting forth the particular matters that must be stated. Under that section, as it read prior to its amendment in 1931, it was held that, under the first sentence of the foregoing quoted portion thereof, the failure of the board of supervisors to give notice to the claimant on a contract claim of an insufficiency of the itemization, coupled with a rejection of the claim on the merits rather than as to form, constituted a waiver by the county of any objection to the sufficiency of the itemization. (*Pedro* v. *County of Humboldt*, 217 Cal. 493 [19 P.2d 776; *Nohl* v. *County of Del Norte*, 45 Cal.App. 306 [187 P. 761].) The amendment of 1931 added all but the first sentence of the above-quoted excerpt therefrom and thereby embraced claims founded upon tort. (Stats. 1931, p. 197.) ▮ It was clearly the intent of the Legislature that the first sentence of the quoted portion in regard to the waiver of insufficiency of itemization was to be applied to the portion added in 1931. That is evidenced from the last sentence of the amendment, "and in *all other respects* . . . claims shall be *presented and acted upon* in the *same manner as claims founded upon contracts.*" (Emphasis added.) "Presented and acted upon" include an objection or waiver by the board of the sufficiency of the itemization in the course of the board's procedure. Merely because that sentence may also refer to the filing of the claim with the clerk (Pol. Code, sec. 4076), the total or partial rejection of the claim and reconsideration thereof (Pol. Code, sec. 4077), and a rejection ensuing from a failure to act in ninety days, does not mitigate against that interpretation. The itemization of a claim means that the various elements thereof should be stated with particularity. The statement with regard to the requirement being the same as for contract claims is in the *same* section stating the rules for contract claims, and certainly an objection to the sufficiency or the particularity of the facts required to be stated is embraced within the procedure of presenting and acting upon the claims. Such an interpretation is wholly reasonable in view of the established rule that technicality in form should not be used to avoid a substantive right. It is no more than proper that a claimant should be entitled to amend his claim. The section requires

certain facts to be stated in tort claims, which are the particular matters which must be included, or the itemization of the claim. Hence, the tort claims are "required to be itemized" within the meaning of the first sentence of the quoted portion of the section, and a failure to sufficiently itemize them should be availed of by the board by giving the notice mentioned. In the instant case it is alleged that no objection was made as to the form of the claim. It was rejected on the merits. Therefore, even if it be assumed that the various matters to be stated were not sufficiently specific, defendant is not now in a position to object thereto.

Cases involving the claim statutes (Stats. 1931, pp. 2475, 2476) stating that the public agency cannot be estopped to assert the insufficiency of the claim are not in point because those statutes do not contain a waiver clause as appears in section 4075 of the Political Code. (See *Cooper* v. *County of Butte*, 17 Cal.App.2d 43, 50 [61 P.2d 516].) There is nothing in the last-cited case contrary to these views. There the court held that the 1931 claim act (Stats. 1931, p. 2475), not section 4075 of the Political Code, applied, and thus no estoppel. We have seen the 1931 act does not apply in the instant case.

The objection to the claim in the instant case goes only to the sufficiency of the itemization of the facts. The claim states the time and place of the accident. The nature and extent of the injury is the death of the husband and father, respectively, of plaintiffs, causing loss of "support, protection, society, and comfort." The cause of the accident is given as negligence in the operation of a truck. It is stated that the negligence was that of the defendant county and the State Department of Forestry through their agents and servants. If defendant required further details or an amplification of those stated, it should have requested them.

There is a further ground for holding the claim sufficient. With reference to claim statutes, it is the general rule that substantial compliance will suffice. (*Ridge* v. *Boulder Creek etc. School Dist.*, 60 Cal.App.2d 453 [140 P.2d 990]; *Kelso* v. *Board of Education*, 42 Cal.App.2d 415 [109 P.2d 29]; *Sandstoe* v. *Atchison, T. & S. F. Ry. Co.*, 28 Cal.App.2d 215 [82 P.2d 216]; *Uttley* v. *City of Santa Ana*, 136 Cal.App. 23 [28 P.2d 377]; *Milovich* v. *City of Los Angeles*, 42 Cal.App.2d 364 [108 P.2d 960]; 38 Am.Jur., Municipal Corporations, sec. 690; 106 A.L.R. 857; McQuillin,

Mun. Corps. [2d ed. rev.], vol. 6, p. 631, sec. 2633; see *Hall* v. *City of Los Angeles,* 19 Cal.2d 198 [120 P.2d 13]; *Hennessy* v. *County of San Bernardino,* 47 Cal.App.2d 183 [117 P.2d 745].)

The instant claim substantially complied with the statute. The details as to the nature of the claim clearly appear. It is a claim for wrongful death arising out of a collision resulting from negligence in the operation of a truck. The time and place of the collision are precisely stated. The extent and amount of the injury or damage claimed is clearly set forth. The extent of the injury was the death of the husband and father of the claimants, and the damage is in the amount of $30,000 for loss of support, society and comfort. For a wrongful death the damages recoverable are such as "under all the circumstances of the case, may be just." (Code Civ. Proc., sec. 377.) Such an allegation of damages, even when stated in a complaint in an action for wrongful death, would be sufficient. (*Waterbury* v. *Elysian Spring Water Co.,* 139 Cal.App. 355 [33 P.2d 1048]; *Bond* v. *United Railroads,* 159 Cal. 270 [113 P. 366, Ann.Cas. 1912C 50, 48 L.R.A.N.S. 687].)

■ Section 4075 does not require that the claimant must give his address, such as is true in some other claim statutes. Nor may it be said that such requirement is necessarily included in the phrase "all other details necessary" for the consideration of the merits of the claim. Sufficient facts constituting substantial compliance are set forth for investigation and consideration of the claim.

■ The chief contention of defendant is that there was lack of compliance with the requirement that there be stated the "public officers or employees alleged to be at fault." It will be recalled that the claim states the death was caused by the negligence of Kern County and the State Department of Forestry "through their agents and servants" in the operation of a truck. The statute does not require that the officers or employees be named or that their duties or official capacity be described. If the purpose of the statute is to enable the county to make an investigation and determine the claim on the merits, there is substantial compliance when it is advised that the negligence of its agents and servants caused the injury without further describing them. The employer, defendant county, is more apt to know the names and capacities of its employees. It was informed that a truck

operated at a precise time and place caused the injury. It could readily ascertain from its superior position the particular employee who was involved. Ordinarily, in pleading the negligence of defendant employer, based upon *respondeat superior,* the plaintiff need not allege the name of the employee because of the superior position of the employer. (See 45 Corpus Juris, 1089-1090; 3 C.J.S., Agency, sec. 312; 19 C.J.S., Corporations, sec. 1334.)

The authorities cited by defendant (see *Hall* v. *City of Los Angeles, supra;* 9 Cal.Jur. 10-yr. Supp., Public Officers, sec. 190) are not contrary to the foregoing views because they involved a failure to file any claim, or a claim which completely omitted one of the required elements.

 There is no merit in the contention that the complaint is uncertain in that it cannot be ascertained therefrom which of the defendants was operating the truck at the time of the collision. The demurrer here involved was to the second amended complaint, at which time the defendants named were Kern County and Kern County Fire Department. The other defendants were sued by fictitious names. The complaint charges all the defendants and their agents and servants with having negligently operated, driven and managed the truck. Liberality in pleading compels the conclusion that the demurrer should not have been sustained. Defendants were in a superior position to know the matters concerning which the uncertainty is charged. (See authorities cited, *supra.*) In any event, justice requires that plaintiff be permitted to amend his complaint if by doing so he can state a cause of action.

 The verification on the claim is sufficient. As it appears in the record it reads, after the introductory words: ''That this is a just and correct claim and demand against the State of California and State Department of Forestry; that she has had the matters above recited, read to her and that the same is true of her own knowledge.'' Defendant Kern County is not mentioned. However, plaintiffs assert, and defendant does not deny, that the copy of the claim attached to their complaint omitted a statement in the original claim as in fact filed with the county reading: ''That this is a true claim and demand against the County of Kern. . . .'' In any event, the verification on the copy of the claim attached to the complaint is clearly sufficient. The first clause thereof may be disregarded, leaving the last clause which

contains all the elements of a verification, that is, a sworn statement that the facts stated are true.

The judgment is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.