[Civ. No. 3102.   Fourth Dist.   Mar. 9, 1944.]

JOHN D. SILVA et al., Respondents, v. COUNTY OF FRESNO, Appellant.

W. C. Tupper and Gilbert H. Jertberg for Appellant.

James M. Thuesen and Martin C. Thuesen for Respondents.

GRIFFIN, J.—On the night of December 18, 1940, plaintiffs were proceeding south in an automobile on a public road known as Fairfax Avenue, in Fresno County, about four miles east of Dos Palos (John G. Silva driving), and were approaching another public road known as Hart Avenue. The intersection of these two roads is in the nature of an "L." Neither road extends beyond the point of intersection. It is plaintiffs' claim that they approached the "L" intersection and at that time there were no warning signs being maintained indicating the sharp right-angle turn, and as a consequence plaintiff driver was unable to make the turn or stop in time to avoid running into and through a ditch or borrow pit constructed by defendant county along the southerly edge of the intersection and into a plowed field. Plaintiffs brought this action against the county of Fresno to recover damages for their injuries received in the accident

which they alleged resulted from a dangerous and defective condition of the public highway as maintained by it.

The complaint contains two causes of action, one on behalf of plaintiff Silva and the other on behalf of plaintiff Thyards. The liability of the county, if any, is grounded on chapter 328, Statutes of 1923, page 675, Deering's General Laws [1937] Act 5619, which subjects counties to liability in certain instances for negligence of their officers. Prior to the filing of the complaint, each plaintiff filed on March 3, 1941, a claim with the clerk of the board of supervisors specifying that ''the place of injury was on a public highway approximately four miles east of Dos Palos in the County of Fresno, State of California'' and that ''. . . the cause and manner of such injury and facts connected therewith are as follows: A dangerous and defective road in that there were no signs kept or maintained by said County of Fresno indicating that the public highway upon which this claimant was riding came to an abrupt end. . . .'' On August 4, the complaint was filed alleging the place of accident to be on Fairfax Avenue ''at a point where the said Fairfax Avenue intersects with Hart Avenue. . . .'' Each cause of action alleged that at the said intersection the county negligently maintained the highway and the signs and signals at the intersection, in a dangerous and defective condition and by reason thereof plaintiffs drove off of the highway into a ditch negligently maintained by the county of Fresno. Defendants interposed general and special demurrers to the complaint which were overruled.

The case was tried mainly on the theory that the dangerous and defective condition of the highway was due to the lack of a certain sign which defendant had erected and was permitted to remain down after having been knocked down from a previous accident or accidents at the same corner, and which was down at the time of the accident in question.

It is alleged that the defendant's road man in that district knew or should have known that the sign was down and that defendant's negligence in failing to maintain the sign in a proper place proximately caused plaintiffs' injuries. A jury awarded Silva $2,250 and Thyards $7,500.

The main and by far the closest question here involved, which question was also presented on demurrer, is that the claim filed with the county was defective in form and there-

fore did not meet the requirements of the statute (chap. 1167, Stats. 1931, p. 2475, Deering's Gen. Laws, 1937, Act 5149), which requires that the claim "shall specify the name and address of the claimant, the date and *place of the accident* and the extent of the injuries or damages received." It is argued that the claim failed to state the name of the highway and failed to specify the place of the injury with sufficient particularity. Defendant objected to the introduction of any testimony by plaintiff on this same ground. The objection was overruled. It has been held that the statutory requirements in respect to the filing of such claims are mandatory and compliance therewith is a prerequisite to the maintenance of a suit for any such claimed damages. (*Hall* v. *City of Los Angeles*, 19 Cal.2d 198 [120 P.2d 13]; *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570].)

In the Hall case the claim filed by plaintiff was for personal injuries received from slipping on a "sidewalk which was covered with mud . . ." in the city of Los Angeles. The court held the claim was defective in that it failed to state with sufficient particularity the place where the accident happened and that actual knowledge by the officials of the facts required to be stated in such a claim did not dispense with the necessity for filing of a proper claim. Defendant claims here that there is no distinction between the claims filed in the instant case and the claim filed in the Hall case. In that case it was held there was *an entire* failure to designate in the claim the place where the accident occurred. Considering the territorial extent of the city limits of the city of Los Angeles, such a description of a sidewalk as one being somewhere in the city limits of that city would be quite indefinite and uncertain. In the instant case, however, there was an endeavor to state the place of the accident and injury. The place where the accident occurred was on a country road, away from the inhabited portions of the valley, about four miles east of the small town of Dos Palos, and was a public highway which came to an abrupt end, where no signs were maintained by the county so indicating.

According to many cited cases, the plain purpose of the statute is to guard the county against imposition by requiring notice of the circumstances of an injury upon which

a claim for damages is made so that its authorities may be in a position to investigate the facts as to the time and place and to make proper investigation of the condition of the premises and decide whether the case is one for settlement or litigation. When a notice contains the information necessary for that purpose it is substantial compliance with the statute, but when it falls short of that test it is insufficient. (*Hall* v. *City of Los Angeles, supra,* and cases cited; *Purdy* v. *City of New York,* 193 N.Y. 521 [86 N.E. 560].)

■ The question here presented is whether there has been a substantial compliance with the statute under the rules enunciated, whereby the officials charged would be enabled to locate the place of the accident and make proper investigation of the condition of the premises.

The evidence discloses that the member of the board of supervisors here concerned testified that the claim was filed with the board; that later an action was brought against the county and that after receiving such notice he went out there (probably four miles east of Dos Palos "as the crow flies"); that he and his foreman looked at the corner intersection at the end of the road and also the post and that there "was not anything to see except the corner where an accident was alleged to have occurred." It therefore appears from the record that the one intended to be guided to the location was so guided there by the description given. However, the supervisor stated that it was quite a long time before he discovered where the accident had happened. The record is not clear from what source he received the information which led him to the scene of the accident. We might assume therefrom, under the circumstances here related, that there was but one public highway approximately four miles east of Dos Palos which "came to an abrupt end," and where no signs were maintained by the county so indicating. We must conclude, as the trial court did, that there was a substantial compliance with the statute in describing the place of the accident under the conditions here prevailing. (*Dillard* v. *County of Kern,* 23 Cal.2d 271 [144 P.2d 365].)

■ Defendant next contends that the complaint fails to state a cause of action in that it fails to allege that a reasonable time had elapsed for the county to remedy the condition or to protect the public against such condition after it acquired or should have acquired knowledge of the defective

condition. There is no merit to this argument. The complaint alleges that the board of supervisors had knowledge and notice of the defective condition, and at the time of said accident a reasonable time had elapsed since said board had acquired knowledge of the dangerous condition and it failed to remedy it and it had the financial ability and necessary funds to place the said highway sign signals at said intersection at a proper and safe position. The pleading was a sufficient allegation of liability. (*Meyer* v. *City of San Rafael,* 22 Cal.App.2d 46, 48 [70 P.2d 533].)

It is next argued that the evidence is insufficient to sustain the verdicts because there was no competent evidence of either actual or constructive notice to the county of the alleged dangerous and defective condition of the public highway. A deputy constable testified that he had previously investigated three other accidents where "cars went off the end of Fairfax into this ditch," and that he made a monthly report of all of those accidents involving injury to persons to the district attorney's office and received mileage paid by the county for such service through an itemized claim which set forth the nature of his services.

Plaintiffs' evidence established that a certain sign or marker with a road reflector indicating that the road turned or ended, had been placed at the south end of Fairfax Avenue by defendant county; that on the night of plaintiffs' accident it was down and lying in the grass about 12 feet from the place where it originally was erected; that it had been knocked down on previous occasions and occasionally replaced. One witness testified that on the particular night involved he noticed the post to which the marker was attached "had been laying there for some time"; that he could tell "by the color of the grass underneath, not getting the sunshine." Another witness testified that he had seen the sign up and down three times before "he went over it"; that on one occasion he replaced the sign himself. The supervisor of the district testified that he was "intimately familiar" with this and each intersection of the 1,029 miles of road in his district; that he had a road foreman in the district here involved who had "charge of the maintenance of signs" and devices for the purpose of indicating turns and ends of roads and that he should be "cognizant of things that were needed"; that the signs were placed there as "a

warning sign of danger'' and it was one of the foreman's duties to see that "these signs were properly maintained." There is substantial evidence that the defendant county had at least constructive notice of the dangerous and defective condition, and after a reasonable time had elapsed, failed to remedy the condition. It remained for the jury to determine whether, in fact, such dangerous condition existed and whether the condition complained of existed for sufficient time to give the public agency constructive notice. (*Bauman* v. *City and County of San Francisco*, 42 Cal.App.2d 144, 157 [108 P.2d 989]; *Edwards* v. *City of San Diego*, 126 Cal. App. 1 [14 P.2d 119]; *Wise* v. *City of Los Angeles*, 9 Cal. App.2d 364 [49 P.2d 1122, 50 P.2d 1079]; *Lorraine* v. *City of Los Angeles*, 55 Cal.App.2d 27 [130 P.2d 140].)

Defendant selects two of plaintiffs' instructions given by the court and complains of them. One instructed the jury that ''. . . if you find . . . that the original construction of the road and signs at the place alleged . . . or the manner in which the road or signs have been maintained by defendant was defective and dangerous, and that such defective and dangerous condition had existed for a long period of time prior to the time of the accident . . . then you may find that the defendant had constructive notice of the condition of the road or highway or signs.'' The other instruction stated that ''. . . if you find that the highway or signs were in a dangerous and defective condition, then, even though the defendant county did not have actual knowledge of such dangerous and defective condition of the highway or signs, if in the exercise of ordinary care it should have known of the dangerous and defective condition of the highway or signs, and if you further find that the defendant county took no precautions to remedy said dangerous condition, the defendant county is guilty of negligence; and in this regard you are further instructed that if you find that another accident or accidents occurred on the same highway and at the same place as the accident referred to in plaintiffs' complaint and under the same or similar conditions, it is a circumstance that may be considered by you in determining whether or not in the exercise of ordinary care the defendant county should have known of the dangerous and defective condition of the highway and signs.''

It is argued that the instructions are misleading;

that part of the first instruction is based on the theory that if the county constructed the road and signs "in a dangerous and defective condition it would have actual (not constructive) notice of such fact," and further that it cannot be determined whether the dangerous and defective condition refers to the original construction of the signs and roads or the maintenance of them in such condition. The instruction as given is confusing as to plaintiffs' theory of notice, i. e., whether actual or constructive. However, the evidence supports the theory that defendant county had constructive notice. No prejudice resulted.

The second instruction, although it does not contain all of the elements respecting the liability of the county, when considered in connection with other proper instructions given on the subject, it cannot be considered to be prejudicially erroneous. In other instructions the court fully and correctly instructed the jury that "counties . . . are liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways . . . signs . . . and property in all cases where the governing or managing board of such county or other board, officer or person having authority to remedy such condition had knowledge or notice of the defective or dangerous condition of any such highway, building, signs, grounds, works or property, and failed or neglected for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition, or failed and neglected for a reasonable time after acquiring such knowledge or receiving such notice to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition."

The court also properly instructed the jury that "Implied or constructive notice to a county of a defective condition of its streets arises from facts from which it may be reasonably inferred, or from proof of circumstances from which it appears that the defect ought to have been known and remedied . . . that there is no fixed or definite rule as to what length of time would be required in order to justify an inference of notice of a defective condition of a public highway or signs on the part of a county, but each case must depend upon the facts and circumstances attending and surrounding it."

These are the main questions presented on this appeal. The other questions raised are likewise without merit.

The judgment and order are affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 4, 1944.