[Civ. No. 20801.   Second Dist., Div. Three.   July 27, 1955.]

BERNICE E. JOHNSON, Appellant, v. CITY OF LOS ANGELES, Respondent.

Ralph B. Helm and Gordon T. Shepard for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Victor P. Spero and Weldon L. Weber, Deputy City Attorneys, for Respondent.

WOOD (Parker), J.—Action for damages for personal injuries resulting from a fall allegedly caused by tripping on a defect in a public sidewalk. Plaintiff appeals from judgment in favor of defendant.

The amended complaint alleged that the accident occurred on July 27, 1952; that on September 18, 1952, plaintiff filed, with the clerk of the legislative body of defendant, "a verified written claim for damages specifying the name and address of the plaintiff claimant, the date and place of the accident, and the extent of the injuries and damages received"; that defendant negligently permitted a portion of a public sidewalk on the west side of Main Street at or near its intersecting point with 82d Street to deteriorate and become "a dangerous, defective and broken hazard to persons using said sidewalk"; that "the area [portion of sidewalk] complained of" extended from a point about 18 inches east of the south corner of the north entrance (on Main Street) of the "Corner Market" on the southwest corner of the intersection of Main Street and 82d Street to a point about 30 inches east of said south corner of said entrance; that said area was about 12 inches long, about 6 inches wide, and about 4 inches deep. The complaint was filed July 6, 1953.

A recital in the judgment is that counsel for the parties stipulated: "that the issue as to the legal sufficiency of the claim first be tried as a condition precedent to the maintenance and prosecution of said action before proof of damages be made"; and "that the claim filed in behalf of the plaintiff stated the location of the accident was on the sidewalk at the *southeast* corner of 82d and Main Street"; and "that the accident actually occurred on the sidewalk at the *southwest* corner of 82d and Main Street in the City of Los Angeles."

■ The question is whether the claim filed by plaintiff was legally sufficient with respect to specifying the place of the accident.

Section 53052 of the Government Code provides: ''When it is claimed that a person has been injured . . . as a result of the dangerous or defective condition of public property, a verified written claim for damages shall be filed with the clerk or secretary of the legislative body of the local agency within ninety days after the accident occurred.''

Section 53053 of the code provides: ''The claim shall specify the name and address of the claimant, the date and place of the accident, and the extent of the injuries or damages received.''

There is no reporter's transcript herein. A copy of the claim is not attached to any of the pleadings. The claim is not before this court—it does not appear from the record that it was received in evidence or for identification.

Appellant argues that there was substantial compliance with the requirement of said section 53053 that the claim specify the place of the accident; that there was no evidence of intent on the part of plaintiff to mislead the defendant, and that in the absence of anything indicating that defendant was misled the claim was legally sufficient.

In *Perry* v. *City of San Diego,* 80 Cal.App.2d 166 [181 P.2d 98], it was said at page 169: ''From these authorities [cited above] it seems clear that California courts have taken a reasonably liberal view of the claim statutes and that where a reasonable attempt is made to comply with the law in good faith and no intent to mislead or conceal appears the claim will be upheld in the absence of anything indicating that the municipality has been misled, if the claim substantially conforms to the requirements of the statute.'' (The question in that case pertained to the sufficiency of the statement in the claim regarding negligence.)

In *Silva* v. *County of Fresno,* 63 Cal.App.2d 253 [146 P.2d 520], the claim stated: ''. . . the place of injury was on a public highway approximately four miles east of Dos Palos in the County of Fresno, State of California'' and ''. . . the cause and manner of such injury and facts connected therewith are as follows: A dangerous and defective road in that there were no signs kept or maintained by said County of Fresno indicating that the public highway upon which this claimant was riding came to an abrupt end.'' It was held therein that there was a substantial compliance with the

statute in describing the place of the accident. In that case the name or number of the highway was not stated in the claim and the place of the accident was not described with particularity. The reference therein to a highway that "came to an abrupt end" was not a reference to a "dead end" highway but it was a reference to a right-angle turn in a highway.

Respondent cites *Hall* v. *City of Los Angeles*, 19 Cal.2d 198 [120 P.2d 13], wherein the claim stated that it was for "Personal injuries received from slipping on sidewalk which was covered with mud, leaves and debris, resulting in injury. . . . " The claim therein did not state what city the sidewalk was in, but the complaint alleged that the accident occurred on the sidewalk at the corner of Union Drive and Sixth Street in Los Angeles. In that case the court, after referring to certain cases, stated (p. 202) that those cases held "that a defect in form of compliance is not fatal so long as there is substantial compliance with the essentials of the requirement. In the present case [the cited case], however, there is an entire failure on the part of the plaintiff to comply with one of the mandates of the statute. Substantial compliance cannot be predicated upon no compliance." In the Silva case, *supra,* in referring to the Hall case, *supra,* it was said further (p. 257): "In that case [Hall case] it was held there was *an entire* failure to designate in the claim the place where the accident occurred. Considering the territorial extent of the city limits of the city of Los Angeles, such a description of a sidewalk as one being somewhere in the city limits of that city would be quite indefinite and uncertain. In the instant case, however, there was an endeavor to state the place of the accident and injury. The place where the accident occurred was on a country road, away from inhabited portions of the valley, about four miles east of the small town of Dos Palos, and was a public highway which came to an abrupt end, where no signs were maintained by the county so indicating."

In the present case respondent says that the erroneous designation of *southeast* corner instead of *southwest* corner was more misleading than no designation and made it impossible for the city to locate the defect "from the claim itself." It is to be noted that said statement is not a statement that the error made it impossible or difficult for the city to locate the defect;—the statement limited the asserted impossibility to locating the defect "from the claim itself." Respondent also

asserts in effect that such an erroneous designation was more misleading than no designation, especially since sidewalks are ordinarily not kept in perfectly smooth condition and since minor defects, small holes, or slight irregularities do not constitute actionable defective conditions. As above stated, the "claim itself" (or a copy) is not before this court, and of course we cannot draw conclusions as to its sufficiency from a reading of it. Respondent in its brief, however, has volunteered information that "the claim referred to no other identifying feature except a 'hole,' and that no "other identification is given in the claim such as the size of the hole, the presence of some large object nearby, or the street number or name of the owner of the property in front of which the defect existed—such as existed in cases in which an error or inaccuracy in the description of the place was permitted." In view of the stipulation that the accident actually occurred at the southwest corner, and since there is no implication or any basis for an implication that the claimant acted in bad faith or intended to mislead by designating the place of the accident, it is apparent that the word "southeast" was inadvertently used in the claim instead of the word "southwest." This is not a case, such as the Hall case, where the designation of the place was so general and indefinite that there was no semblance of compliance with the statute. In the Hall case the cause of the fall was a removable substance on a sidewalk (mud and leaves), whereas in this case the cause was a hole in the sidewalk. It is to be assumed that the word "hole," used in the claim herein, meant a hole of some significance as an actionable defective condition, as opposed to a minor defect or small hole (mentioned by respondent) that obviously was of no significance as a basis for an action for damages. If there was no hole of any significance at the southeast corner, it should have been obvious to an investigator of the claim that the word "southeast" was inadvertently used.

The record does not show whether a hole was at that corner, but in the absence of a record showing the condition of the sidewalk at the southeast corner, it will be assumed that public duty with respect to properly maintaining that corner had been performed and that there was no hole in that sidewalk. If the claim were considered by an investigator for respondent in the light of the principle of substantial compliance, rather than on the basis of strict and precise compliance, it is apparent that, under the circumstances here and without any appreciable inconvenience or effort, he would have ascertained

that the hole on the southwest corner was the one which was intended to be referred to. Respondent cites cases wherein it is held that knowledge, on the part of a city of facts required to be specified in a claim, does not give rise to an estoppel to assert the defense of failure to comply with the statute. One of those cases is *Ghiozzi* v. *City of South San Francisco*, 72 Cal.App.2d 472 [164 P.2d 902], wherein no written claim was filed. In that case defendant changed the course of creeks by building canals, and plaintiff's land was damaged by sand and water as a result of a flood. It was established therein that the city engineer knews the facts regarding the damage to plaintiff's land. It was held therein that, irrespective of such knowledge, it was necessary to file a claim. Another of those cited cases is *Hall* v. *City of Los Angeles, supra,* 19 Cal.2d 198 [120 P.2d 13], wherein as above stated the claim which was filed was so general and indefinite that it was no compliance at all with the statute. Also, in that case, it was stated that knowledge on the part of city officials of the facts required to be stated in the claim does not dispense with the filing of a proper claim. Those cases were not governed by the doctrine of substantial compliance— there was no compliance at all therein.

It appears that the claim in the present case complied more substantially with said sections of the Government Code than the claim in the case of *Silva* v. *County of Fresno, supra,* wherein the name or number of the highway was not stated and the place was referred to as being on a public highway approximately four miles east of Dos Palos in Fresno County; and it was also stated that the highway came to an abrupt end (referring to a right-angle turn in the highway). In the present case, the claim was a substantial compliance with said sections of the Government Code.

The judgment is reversed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied August 25, 1955, and respondent's petition for a hearing by the Supreme Court was denied September 21, 1955. Shenk, J., Edmonds, J., and Schauer, J., were of the opinion that the petition should be granted.