[Civ. No. 19318.   First Dist., Div. Two.   Jan. 12, 1961.]

JO ANN JOHNSON, Appellant, v. CITY OF OAKLAND, Respondent.

182

John H. Nielsen and M. F. Hallmark for Appellant.

John W. Collier, City Attorney, Hilton J. Melby and Mark B. Shragge, Deputy City Attorneys, for Respondent.

SHOEMAKER, J.—Plaintiff Jo Ann Johnson sued defendant city of Oakland for injuries she allegedly sustained on June 2, 1959, as the result of a fall caused by a dangerous and defective sidewalk in front of 1819 *34th Avenue,* Oakland. On August 14, 1959, plaintiff filed her verified claim with the proper officer, which incorrectly stated the place of accident as 1819 *35th Avenue.* The complaint filed on October 23, 1959, contained the usual allegations in cases of this character, and correctly stated the place of accident. Defendant answered on December 11, 1959, admitted the filing of the verified claim, but denied it complied with the requirements of the law applicable thereto. Defendant also denied generally the allegations of the complaint. On December 16, 1959, defendant gave notice of a motion for summary judgment, the motion was granted, and from the judgment entered in favor of defendant, plaintiff appeals.

The respondent contends that the appellant failed to file a claim that complied with sections 53052 and 53053 of the Government Code, and that the summary judgment was proper.

The appellant contends that (1) her claim substantially complied with the code sections, even though the accident location was incorrect; and (2) the only effect of her action is to raise the question as to whether or not giving the incorrect

address misled or prejudiced the respondent, which is a triable issue of fact, and that the granting of the summary judgment was error. We agree with the appellant's contentions.

Section 53053 of the Government Code provides: "The claim shall specify the name and address of the claimant, the date and place of the accident, and the extent of the injuries or damages received."

■ Failure to file a claim in compliance with sections 53052 and 53053 of the Government Code precludes the maintenance of a suit for tort damages. (*Silva* v. *County of Fresno* (1944), 63 Cal.App.2d 253, 257 [146 P.2d 520].) ■ However, in ascertaining the validity of a claim against a municipality, substantial compliance is all that is required. (*Knight* v. *City of Los Angeles* (1945), 26 Cal.2d 764, 766 [160 P.2d 779].) ■ Many California cases have established that the plain purposes of the public liability claim statutes are to require notice of the circumstances of an injury upon which a claim for damages is made, so that municipal authorities may be in a position to investigate the facts as to the time and place, and to make proper investigation of the condition of the premises and decide whether the case is one for settlement or litigation. When a notice contains the information necessary for that purpose, it is substantial compliance with the statute. When it falls short of that test, it is insufficient. (*Dillard* v. *County of Kern* (1943), 23 Cal.2d 271, 278 [144 P.2d 365, 150 A.L.R. 1048]; *Silva* v. *County of Fresno, supra*; *Parodi* v. *City & County of San Francisco* (1958), 160 Cal.App.2d 577 [325 P.2d 224].) ■ It must also be noted that California courts have taken a liberal view of claims statutes where a reasonable attempt has been made to comply with the law in good faith. (*Johnson* v. *City of Los Angeles* (1955), 134 Cal.App.2d 600, 602 [285 P.2d 713].) California cases involving defective compliance with claims statutes have invariably held such attempts constituted substantial compliance. (*Uttley* v. *City of Santa Ana* (1933), 136 Cal.App. 23, 26 [28 P.2d 377], and the cases above cited.)

■ On the other hand, our courts have consistently held that substantial compliance cannot be predicated upon noncompliance. (*Ghiozzi* v. *City of South San Francisco* (1946), 72 Cal.App.2d 472, 477 [164 P.2d 902]; *Eppstein* v. *City of Berkeley* (1942), 52 Cal.App.2d 395, 397 [126 P.2d 365].) The cases involving omissions recognize that they are distinct from those involving defective compliance.

█ Although appellant has substantially complied with the statute and she is thereby permitted to maintain her action, there remains to the respondent municipality the right to show that the defect in the verified claim came about because of a lack of good faith and with the intent to mislead and conceal, with the result that it was misled and prejudiced thereby. (See *Parodi* v. *City & County of San Francisco,* and cases therein cited, *supra.*) █ The motion for summary judgment should not have been granted, for the court, in passing upon a motion for summary judgment, is not conducting a trial on the merits; it is merely proceeding to determine whether there is an issue to be tried. (*Walsh* v. *Walsh* (1941), 18 Cal.2d 439, 441 [116 P.2d 62]; *Rall* v. *Lovell* (1951), 105 Cal.App.2d 507, 509 [233 P.2d 681].)

██ The appellant in her argument mentions the fact that the correct address was given to the city of Oakland through its claims adjuster during a telephone conversation on the day of the accident. While such may bear upon the question of her good faith, it is of no relevance on the question of substantial compliance. The authorities require substantial compliance with claims statutes, even in the face of actual knowledge. (*Powers Farms, Inc.* v. *Consolidated Irr. Dist.* (1941), 19 Cal.2d 123, 130 [119 P.2d 717]; *Ghiozzi* v. *City of South San Francisco, supra,* at p. 476; *Redwood* v. *State* (1960), 177 Cal.App.2d 501, 503, 504 [2 Cal.Rptr. 174].)

The judgment is reversed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied February 10, 1961, and respondent's petition for a hearing by the Supreme Court was denied March 8, 1961.