KAUFMAN, P. J.
By stipulation of the parties, the sole issue presented to the trial court was whether the respondent, City and County of San Francisco, was estopped from asserting the defense of noncompliance with section 87 of the Charter of the City and County of San Francisco, which requires that all claims against the city must be presented to the controller within 60 days after the occurrence from which it is claimed the damages have arisen.
The trial court found that on July 6, 1958, the appellant, Samuel Howard, was the driver of a taxicab owned by his employer, Jessie J. Matthews. Appellant was injured in a collision with a municipal bus on July 6, 1958. A few days after the accident, one Albert Patello, another employee of Matthews, visited the claims department of the municipal railway and obtained the claims forms. On August 11, 1958 [well within the 60-day period], Matthews went to the claims department of the municipal railway, filled out his claim for property damage to his cab and informed the municipal railway that appellant had sustained injuries in the accident. At this time, Matthews was given a claims form by an employee of the city and was informed that the appellant’s claim had to contain the full amount of medical expenses and loss of earnings. Matthews indicated that the appellant was still under the doctor’s care and unable to work and that as soon as the appellant was released from the doctor’s care and knew the total amount of medical expenses and loss of *604 earnings sustained, the claim would be filed. The city’s employee replied: “All right.” Matthews brought the claim form to the appellant and told him that as soon as he could ascertain the extent of his medical expenses and loss of earnings, he had to complete the form and file it with the city. On or about August 15, 1958, the appellant asked Matthews whether he had filed appellant’s claim. At various times thereafter, about August 30 or September 1, appellant asked Matthews about the filing of the claim.
Appellant was discharged by the doctor on October 23, 1958, and on November 7, 1958, filed his claim against the city, with a copy of his medical bills and other special damages and presented the documents to the Claims Department of the Municipal Railway of the City and County of San Francisco. The city denied the claim on the basis of section 87 of the charter.
The trial court found that the city was informed of the appellant’s injury on August 11, 1958, when Matthews presented the property damage claim. The court also found that in discussing appellant’s claim with the claims department of the municipal railway and in securing the claim, Matthews was acting as the agent for the appellant, but that Matthews was a stranger to the instant action; and further found that at no time did the appellant speak with any representative of the city, either in person or by telephone. On the basis of these findings, the trial court concluded that because appellant failed to file his claim within 60 days of the occurrence, the city was not estopped from asserting the defense of section 87, thus barring the appellant’s action against the city, and entered its judgment accordingly.
On this appeal from that judgment, the only question is whether the trial court properly concluded that the city could properly assert the defense of section 87. Appellant contends that the city is equitably estopped as a matter of law because of the trial court’s findings that the city’s representative failed to inform the appellant’s agent of the time limitation of section 87; that the presence of the elements of estoppel are a question of fact (Cruise v. City & County of San Francisco, 101 Cal.App.2d 558 [225 P.2d 988]); and that all of the elements were present here.
We recently summarized the principles applicable to this kind of case as follows, in Johnson v. City of Oakland, 188 Cal.App.2d 181 [10 Cal.Rptr. 409] at 183: “Many California cases have established that the plain purposes of the *605 public liability claim statutes are to require notice of the circumstances of an injury upon which a claim for damages is made, so that municipal authorities may be in a position to investigate the facts as to the time and place, and to make proper investigation of the condition of the premises and decide whether the case is one for settlement or litigation. When a notice contains the information necessary for that purpose, it is substantial compliance with the statute. When it falls short of that test, it is insufficient. (Dillard v. County of Kern (1943) 23 Cal.2d 271, 278 [144 P.2d 365, 150 A.L.R. 1048] ; Silva v. County of Fresno, supra [63 Cal.App.2d 253 (146 P.2d 520)]; Parodi v. City & County of San Francisco (1958) 160 Cal.App.2d 577 [325 P.2d 224].) It must also be noted that California courts have taken a liberal view of claims statutes where a reasonable attempt has been made to comply with the law in good faith. (Johnson v. City of Los Angeles (1955) 134 Cal.App.2d 600, 602 [285 P.2d 713].) California cases involving defective compliance with claims statutes have invariably held such attempts constituted substantial compliance. (Uttley v. City of Santa Ana (1933) 136 Cal.App. 23, 26 [28 P.2d 377], . . .) ”
The court here found that the city received notice of the injury when Matthews visited the municipal railway office on August 11, 1958, well within the 60-day period, and that Matthews was acting as the appellant’s agent. Thus, the question is whether the oral notice of appellant’s injury by appellant’s agent to the city employee, contained the necessary information for the city to investigate the matter. The record, however, is devoid of any such finding. The court here also found that about August 30, the appellant asked Matthews about the filing of the claim. From this, we can imply a lack of reliance (Swing v. Lingo, 129 Cal.App. 518 [19 P.2d 56]). Thus, the record supports the implied findings of the trial court, that the appellant here failed to establish sufficient facts to give rise to estoppel.
No evidence was presented to the trial court that would give rise to an estoppel on the part of the city. Rather, the evidence clearly shows that appellant had knowledge that he should file his claim within the 60-day period and failed to do so.
Judgment affirmed.
Shoemaker, J., and Agee, J., concurred.