[Civ. No. 17908.  Second Dist., Div. Three.  May 25, 1951.]

ELMER C. ALLSTOT et al., Appellants, v. CITY OF LONG BEACH et al., Respondents.

Kenneth Sperry for Appellants.

Irving M. Smith, City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Respondents.

SHINN, P. J.—Plaintiffs, 36 in number, brought this action for a declaration of their rights to pensions under the charter of the city of Long Beach. Nineteen of the plaintiffs are employees of the police or fire departments. The remaining 17 have retired as members of one or the other department. Plaintiffs appeal from portions of the judgment, and the questions involved are common to all of them.

Under section 187 of the city charter, a member of either department could retire after 20 years of service and would be entitled to receive as a pension 50 per cent of the amount of salary received by him one year prior to retirement, plus $1\frac{2}{3}$ per cent thereof for each year of service in addition to 20 years and not to exceed 30 years. On March 29, 1945, section 187.1 of the charter was adopted. This section purported to repeal section 187 and, with a single exception to be mentioned, to terminate all rights to retirement pensions. In *Kern* v. *City of Long Beach,* 29 Cal.2d 848 [179 P.2d 799], it was denied the effect of a general repeal upon the ground that those who were members of either department at the time of the attempted repeal had ''a vested pension right and that respondent city, by completely repealing all pension provisions, has attempted to impair its contractual obligations. This it may not constitutionally do, and therefore the repeal is ineffective as to petitioner.'' (P. 856.)

Section 187.1 contained a proviso to the effect that any member of either department who had served 20 years or more on the effective date of the amendment, March 29, 1945, would be entitled to retire at any time within five years thereafter and to be paid a pension of such percentage of his salary as he would have been entitled to receive had he retired on the effective date of the amendment.

After the Kern case was decided, the question arose whether this proviso was effective to place a limitation upon the amounts that might be earned by continuous service under the plan established by section 187, namely, an increase at

the rate of 1⅔ per cent for each year of service in excess of 20 years. This question was presented and answered in *Palaske* v. *City of Long Beach,* 93 Cal.App.2d 120 [208 P.2d 764], and *Allen* v. *City of Long Beach,* 101 Cal.App.2d 15 [224 P.2d 792]. It was there contended by the employees that to deprive them of their right to earn increases in their pensions by remaining in service after the date of the amendment would constitute an unlawful impairment of their contractual rights with the city, and that the attempt so to do was void and ineffectual. This contention, first made by the plaintiff in the Palaske case, was rejected, the court saying (p. 132) : "His [plaintiff's] contractual right to such a pension has not been impaired by legislation which, operating prospectively, merely withdraws any right or option to earn a bonus by continuing in employment after he has become eligible for retirement." This holding was based upon the opinion of the Supreme Court in *Kern* v. *City of Long Beach, supra,* p. 855, that "the employee does not have a right to any fixed or definite benefits, but only to a substantial or reasonable pension. There is no inconsistency therefore in holding that he has a vested right to a pension but that the amount, terms and conditions of the benefits may be altered."

In the Allen case the District Court of Appeal was asked to reverse its holding in the Palaske case and declined to do so, adopting as a part of its opinion the following from the former decision (p. 28) : "Those who were eligible for retirement on the effective date were entitled to the pension they had earned on the effective date and no more, while those who reached the 20-year mark subsequent to the effective date became eligible for retirement on a 50 per cent pension and no more." Plaintiffs now ask us to disregard the quoted holding in the Kern case and also to disapprove of the holdings in the Palaske and Allen cases to the same effect. It is said that the point did not require decision in the Kern case and received practically no consideration by the court in the Allen case. We are not sympathetic to the criticism of either decision.

In *Packer* v. *Board of Retirement,* 35 Cal.2d 212, 214 [217 P.2d 660], where the point was directly involved, in referring to the decision in the Kern case, the court said: "It was recognized, however, that the employee was not entitled to any fixed or definite benefits, but only to a substantial pension, and that the statutory language was subject to the implied qualification that the governing body may make reasonable

modifications and changes in the system," and quoted from the former decision as follows: " 'The rule permitting the modification of pensions is a necessary one since pension systems must be kept flexible to permit adjustments in accord with changing conditions and at the same time maintain the integrity of the system and carry out its beneficent policy.' "

The contentions and arguments now made against the validity of the limitation of retirement rights are but a reiteration of those presented by the briefs in the Allen case and by the petitions for hearing in that case and the Palaske case, both of which were denied by the Supreme Court.

It is contended by the present plaintiffs that the proviso of section 187.1, which limits the amount of the employee's pension, cannot stand inasmuch as the attempted repeal of section 187 was void as to vested pension rights; the proviso was not severable from the attempted complete repeal and must fall with it. This contention was urged to and rejected by the District Court of Appeal in the Palaske case and that holding was specifically approved and followed in the Allen case, the court stating (p. 27) : "After due consideration of the arguments advanced by respondents, we adhere to the conclusion reached in the Palaske case, wherein this court held that the proviso in the repealing amendment saving pension rights to those who had completed the minimum term of service was separable from the invalid portion of the amendment which attempted to repeal all pension rights as to others. . . ." In each case the court stated its reasons for so holding, and we consider them to be sound and sufficient. In each case the point was unsuccessfully urged in a petition for hearing. Being familiar with the two decisions it is not difficult for us to understand that counsel are driven to the expediency of asserting they were not well considered. However, the practice of diligent counsel of leaving no stone unturned to escape the consequences of an adverse decision is not uncommon or surprising. Here it is unavailing. Not only are we well satisfied that the former decisions reflect the mature judgment of the court on the points decided, but after giving the problems independent consideration we are fully in accord with the reasoning and the conclusions of the District Court of Appeal in both the Palaske and Allen cases.

In the present action, following the former decisions, the court determined that each of the plaintiffs is entitled to receive as a retirement pension provided by section 187 such percentage of his salary as he would have been entitled to

receive had he elected to retire as of March 29, 1945, but that by continuing in the employ of the city subsequent to that date he has not and will not become entitled to any increase above that amount. A further contention is advanced that one result of the limitation accomplished by section 187.1, as construed by the judgment, would be the payment of a greater pension to one who had served more than 20 years on March 29, 1945, than would be payable to one who had served only 20 years on that date, but who might continue in the city service for a number of years thereafter. It is claimed that this is a type of discrimination which is forbidden by sections 11 and 21 of article I of the state Constitution which provide that: "All laws of a general nature shall have uniform operation," and which prohibit the granting of special privileges or immunities to any class, and that it is also repugnant to the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. The constitutional provisions in our opinion have no application to this situation. The same argument was made in the petition for hearing in the Allen case. It was pointed out that under the decision of the District Court of Appeal one who had served for 30 years on March 29, 1945, would receive two-thirds of his salary, whereas one who had only completed 19 years of service would receive not more than 50 per cent retirement benefits, even though he might continue to serve for a total period of 30 years. It was said in the petition: "Certainly there is no basis for distinguishing between members of a Police or Fire Department who have served 20 years or more and those who have served less than 20 years on a given date which would justify the suggested discrimination." Years of service furnish a logical basis for the grouping of employees. ▆ Such classification will not be interfered with by the courts unless it is arbitrary and unreasonable. (*Deyoe* v. *Superior Court*, 140 Cal. 476 [74 P. 28, 98 Am.St.Rep. 73]; *In re Willing*, 12 Cal.2d 591 [86 P.2d 663].) ▆ The alleged discrimination results from the fact that those employees who, at the effective date of the amendment had served for the longer periods, had acquired more substantial pension rights than others who had entered the service later, and had served for shorter periods. It was not unreasonable to give recognition to this fact. Upon the contrary, we think it would have been arbitrary and unreasonable to reduce the rights of the older employees to those of the younger class, or to elevate the latter to a higher status which they had not earned. ▆ Moreover, we may not over-

look the fact that the same argument was advanced in the petition for hearing in the Allen case and that a hearing was denied. So far as we are concerned, the denial of a hearing in a case which decides questions of such widespread interest and importance means that they were fully considered by the Supreme Court and were not deemed to have been decided incorrectly.

The final point made by plaintiffs is that the modification of pension rights as determined by the judgment would operate to the disadvantage of the city through increased expense and the loss of experienced employees. This argument appears to be only a criticism of the advisability of the modification and the good judgment of the electorate. These are matters that are not subject to review by the courts.

It was determined by the judgment that the requirement that employees must retire within five years after March 29, 1945, in order to preserve their pension rights, was inoperative and void. The validity of this provision of the judgment is not here involved.

The judgment, as to the portions appealed from, is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied June 12, 1951, and appellants' petition for a hearing by the Supreme Court was denied July 19, 1951.