[Civ. No. 5369.   Fourth Dist.   Mar. 8, 1957.]

ALBERT E. CHAPIN, Respondent, v. THE CITY COM-
MISSION OF THE CITY OF FRESNO et al.,
Appellants.

C. M. Ozias and James C. Purcell for Appellants.

Manfredo, Best & Forbes and A. A. George for Respondent.

MUSSELL, J.—Albert E. Chapin, petitioner and respondent herein, was employed as a member of the Police Department of the City of Fresno on March 15, 1915, and excepting the period between March 12, 1920, and July 1, 1920, continued in said employment until January 17, 1952, at which time he was retired by the order and direction of the pension board of said city. Chapin made no request for retirement and the order retiring him was made without notice to him. The action of the pension board was approved by the city commission of the city of Fresno.

At the time of his retirement Chapin held the rank of assistant chief of police of the city, which rank he had held since September 16, 1939, and the salary attached to the rank of assistant chief was $545 per month. This salary was increased in various amounts between September 1, 1952, and the date of the judgment herein, at which time it was $660 per month.

Pension ordinance Number 1021 of the city of Fresno became effective November 11, 1920, and section 2 thereof provided that any member of the fire or police departments who had served in such department for 30 years, in the aggregate, in any capacity or rank whatever, should, on his request or by order of the pension commission, if it be deemed for the good of the department, be retired from further service and that thereafter, during his lifetime, he should be paid a pension in equal monthly installments equal to two-thirds of the annual salary attached to the rank or position held by him in such department for one year prior to the date of his

retirement. Ordinance Number 1415 of said city, effective October 8, 1927, repealed ordinance Number 1021 but reenacted the above provisions of section 2 of said ordinance, and in addition provided that in the event of a subsequent change in salary, the pension should be two-thirds of such salary, as changed. Ordinance Number 1512, effective September 22, 1928, amended section 2 of ordinance Number 1415 to provide that in no event should such pension exceed the sum of $175 per month. Ordinance Number 1934, effective March 26, 1933, again amended section 2 of ordinance Number 1415 to provide that in no event should such pension exceed the sum of $150 per month. Ordinance Number 3116, effective May 1, 1945, repealed ordinance Number 1415, as amended, by reenacting the same provisions as contained in section 2 of ordinance Number 1415, as amended, with the same maximum limitation of $150 per month. Ordinance Number 4342, effective January 16, 1954, amended section 2 of ordinance Number 3116 to increase the maximum limitation from $150 to $200 per month.

On April 9, 1953, a written claim and demand for the payment of moneys due Chapin under the provisions of ordinance Number 3116 was served on the clerk of the city commission, and no payment having been made to Chapin pursuant to said claim and demand, on August 4, 1953, he served a written claim and demand on the clerk of the city commission for the payment to him, under the provisions of section 2 of ordinance Number 1415 of the sum of $363.33 for each month from the date of his retirement. On January 9, 1956, Chapin filed his first amended petition in the trial court in which he sought an alternative writ of mandate compelling the respondents to determine the amount of pension due him as provided by section 2 of ordinance Number 1415 of said city, and to order payment thereof or show cause why it should not do so. The trial court ordered the issuance of the alternative writ and after a demurrer to the petition was overruled and an answer was filed, the matter was tried by the court, and judgment was entered in favor of the petitioner, Chapin. On March 2, 1956, a peremptory writ of mandate was issued requiring the respondents to determine the amount due petitioner under and by virtue of the provisions of section 2 of ordinance Number 1415 of said city and to compute the pension and interest as therein set forth and computed on the basis of two-thirds of petitioner's annual salary. The commissioner of. finance of the city was ordered to pay the com-

puted amounts and to pay petitioner thereafter, during his lifetime, in equal monthly installments, a yearly pension equal to two-thirds of the annual salary attached to the rank held by him for one year prior to the date of his retirement, as provided in section 2 of ordinance Number 1415 of said city, as originally enacted.

The principal contention of appellants (respondents in the superior court) is that petitioner was deprived of no vested contractual or constitutional rights by the amendment and repeal of the provisions of ordinance Number 1021 and section 2 of ordinance Number 1415, as originally enacted. Petitioner contends in this connection that by rendering substantial services under ordinances 1021 and 1415, he acquired a vested contractual right to be paid a pension as provided by section 2 of ordinance Number 1415, as originally enacted, and that the provisions of the subsequent ordinances fixing a maximum limitation on the amount petitioner could receive as a pension constitute attempted unreasonable, ineffective and illegal modifications of petitioner's vested contractual rights. The trial court found in accordance with petitioner's contention and we conclude that its findings, conclusions and judgment are supported by substantial evidence and cannot be here disturbed.

■ Albert Chapin's right to a pension vested upon his acceptance of employment and performance of services under the provisions of ordinance Number 1415 of the city of Fresno. In *Kern* v. *City of Long Beach,* 29 Cal.2d 848, the court said, at page 852 [179 P.2d 799] :

"This court has stated in two recent decisions that the right to a pension vests upon acceptance of employment. In *Dryden* v. *Board of Pension Commrs.,* 6 Cal.2d 575, 579 [59 P.2d 104], the court said: 'It has been clearly held that the pension provisions of the city charter are an integral portion of the contemplated compensation set forth in the contract of employment between the city and a member of the police department, and are an indispensable part of that contract, and that the right to a pension becomes a vested one upon acceptance of employment by an applicant.' In *French* v. *French,* 17 Cal.2d 775, 777 [112 P.2d 235], we said: 'The Dryden case concerned the rights of a policeman in a pension fund to which he had made contributions while he was on active duty. It was held that by the provisions of the city charter, under which that fund was created and maintained, the right to a pension was an integral part of the contract of employment

and became a vested right at the time the employment began.' (See also *Aitken* v. *Roche*, 48 Cal.App. 753, 755 [192 P. 464].)"

In *Wallace* v. *City of Fresno*, 42 Cal.2d 180, 183 [265 P.2d 884], it was held that the right to a pension arises before the happening of the contingency which makes the pension payable, and it cannot be constitutionally abolished by subsequent changes in the law. Chapin, having accepted employment and rendered the services under the provisions of ordinances Numbers 1021 and 1415 of the city, was then entitled to retirement pay of two-thirds of the annual salary attached to the rank or position held by him in the police department for one year prior to the date of his retirement.

The next question is whether the city could thereafter lawfully change and reduce his pension allowance by limiting it to $150 or $175 per month. In *Allen* v. *City of Long Beach*, 45 Cal.2d 128, 131 [287 P.2d 765], it is said:

"An employee's vested contractual pension rights may be modified prior to retirement for the purpose of keeping a pension system flexible to permit adjustments in accord with changing conditions and at the same time maintain the integrity of the system. (*Wallace* v. *City of Fresno*, 42 Cal.2d 180, 184 [265 P.2d 884]; *Packer* v. *Board of Retirement*, 35 Cal.2d 212, 214 [217 P.2d 660]; *Kern* v. *City of Long Beach*, 29 Cal.2d 848, 854-855 [179 P.2d 799].) Such modifications must be reasonable, and it is for the courts to determine upon the facts of each case what constitutes a permissible change. To be sustained as reasonable, alterations of employees' pension rights must bear some material relation to the theory of a pension system and its successful operation, and changes in a pension plan which result in disadvantage to employees should be accompanied by comparable new advantages. (*Wallace* v. *City of Fresno*, 42 Cal.2d 180, 185 [265 P.2d 884]; see *Packer* v. *Board of Retirement*, 35 Cal.2d 212, 214, 218-219 [217 P.2d 660].)"

In the instant case it is clear that the change in the method of computing benefits from a fluctuating amount equal to two-thirds of the salary currently attached to the rank held by Chapin to a limited maximum amount results in a substantial disadvantage and detriment to him, as is apparent from a computation of the trial court in its findings. It is also apparent that such disadvantage and detriment are not accompanied by comparable new advantages. The provisions of the ordinances of the city limiting the maximum

amount of pension to be granted to Chapin therefore constituted an attempted unreasonable, ineffective and illegal modification of his vested contractual rights. (*Cochran* v. *City of Long Beach*, 139 Cal.App.2d 282, 287 [293 P.2d 839].)

Appellants' claim that the superior court was without jurisdiction in the matter is not meritorious. In *Kern* v. *City of Long Beach, supra,* 29 Cal.2d 848, the petitioner sought a writ of mandate compelling respondent to pay him a pension under the provisions of the city charter which was repealed shortly before he would have been entitled to retire, and the court held that the issue presented was properly raised by a proceeding in mandamus. (Citing numerous cases.) In this connection it is argued that petitioner cannot maintain mandamus proceedings because the record clearly shows that he has not exhausted his legal remedies. This conclusion is not tenable. Petitioner did not apply for retirement. He was retired by order of the pension board, made without notice to him, and without a hearing, and our attention has not been directed to any procedure prescribed by the ordinance involved or the city charter whereby Chapin should have sought an alternative remedy.

Appellants argue that the petition herein fails to allege facts sufficient to constitute a cause of action because the only action taken by petitioner was to file a written notice of claim and demand on the clerk of the city commission and that said clerk had no right or authority to determine any matter respecting the pension involved. However, this clerk was also clerk of the pension board and the notice of claim was directed to the city of Fresno, to the clerk and to the board. Furthermore, the ordinances involved do not require a person retired by order of the pension board to make application for a pension.

Appellants claim that the superior court's determination was confined to the hearing and determination, if any, by the retirement board of the city and cite *Thompson* v. *City of Long Beach,* 41 Cal.2d 235 [259 P.2d 649] as authority for this contention. In that case proceedings had before the board were reviewed by the superior court. In the instant case no such proceedings were conducted before the board and the provisions of section 1094.5 of the Code of Civil Procedure are not, therefore, applicable.

Appellants further claim that the failure of the petitioner to make the city of Fresno a party defendant makes the entire proceedings a nullity. This claim is likewise with-

out merit. This objection was not raised in the trial court by demurrer or answer and was, therefore, waived. (Code Civ. Proc., § 434.) Moreover, section 1085 of the Code of Civil Procedure provides, in part, that a writ of mandate may be issued by any court, except a municipal or justice court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station. ■ The writ may be issued to compel a municipal board and officers to do an act specifically enjoined by law. (*Packer* v. *Board of Retirement*, 35 Cal.2d 212 [217 P.2d 660] ; *Sweesy* v. *Los Angeles etc. Retirement Board*, 17 Cal.2d 356 [110 P.2d 37].)

Appellants also contend that ''The doctrine of *stare decisis* precludes application of the doctrine set forth in *Allen* v. *City of Long Beach*, 45 Cal.2d 128 [287 P.2d 765], having any retrospective effect.'' We conclude that the decision in that case is the latest pronouncement on the subject involved in this action and is binding upon us. In *Cochran* v. *City of Long Beach, supra,* 139 Cal.App.2d 282, the amendment substituting a pension of a fixed amount for the fluctuating type was enacted in 1951, prior to the decision in the Allen case and prior to the retirement of the employee. On the appeal it was there held that the Allen case required reversal of the judgment. Furthermore, in the Allen case the court said (p. 138) that the cases there relied upon by the city, which were decided prior to *Kern* v. *City of Long Beach*, 29 Cal.2d 848 [179 P.2d 799], were not there controlling.

In view of what we have heretofore said, we deem it unnecessary to pass upon other points raised by the appeal. We find no reversible error in the record.

The attempted appeal from the order denying motion for a new trial is dismissed. The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 1, 1957, and appellants' petition for a hearing by the Supreme Court was denied May 1, 1957.