[Civ. No. 19400. First Dist., Div. Two. Jan. 10, 1961.]

FRANK FARINA, Respondent, v. TOWN OF EMERYVILLE, Appellant.

William H. Quinn and J. D. Cooper for Appellant.

Howard W. Wayne for Respondent.

DRAPER, J.—This appeal concerns the amount of retirement pension to which plaintiff is entitled. He joined the police department of defendant city in 1935, and was continuously employed therein until his retirement April 1, 1956. At that time he was over 60 years of age, and had been chief of

police for about 10 years. He received a pension of $211.41 per month for three years after his retirement. He then brought this action, asserting that he was entitled to receive half the salary of the active police chief, whose pay from the date of plaintiff's retirement had risen from $670 to $880 per month. He was awarded money judgment for the excess of this 50 per cent allowance over what had actually been paid to him for three years, and also a declaration that henceforth his retirement allowance should be half of current salary of the police chief. Defendant appeals.

In 1929, Emeryville adopted Ordinance 224, setting up a pension system for police department employees, and incorporating by reference the provisions of the Police etc. Pension Fund Act (Stats. 1889, ch. 62, p. 56). At an election held October 23, 1944, the voters of the city adopted Ordinance Number 331, authorizing a contract with the California State Employees' Retirement System. This contract, effective January 1, 1945, set up a new retirement system for city employees, including those of the police department. The allowance paid to plaintiff from date of retirement to judgment herein was that fixed by this contract. By Ordinance Number 335, effective April 19, 1945, the city council purportedly abolished the retirement system provided by the 1929 ordinance.

The statute incorporated in the 1929 ordinance provided that a policeman who had served as such for 20 years could, after reaching age 60, retire with an allowance of ''one-half of the amount of salary attached to the rank which he may have held in said police department for the period of one year next preceding the date of such retirement'' (Stats. 1927, ch. 508, p. 854.) There can be no question that this act entitled one retired thereunder to a pension varying from time to time as the salary of the current incumbent of the same rank fluctuated (*Klench* v. *Board of Pension Fund Commrs.*, 79 Cal.App.2d 171, 189 [249 P. 46]).

An employee acquires a vested right in a retirement system which is in effect during his rendition of service, and the plan cannot thereafter be changed to his disadvantage unless compensating advantages are afforded (*Terry* v. *City of Berkeley,* 41 Cal.2d 698 [263 P.2d 833]; *Wallace* v. *City of Fresno,* 42 Cal.2d 180 [265 P.2d 884]). This rule has been applied to bar change from a fluctuating to a fixed retirement allowance (*Abbott* v. *City of Los Angeles,* 50 Cal.2d 438 [326 P.2d 484]; *Allen* v. *City of Long Beach,* 45 Cal.2d 128 [287

P.2d 765]; *Chapin* v. *City Commission,* 149 Cal.App.2d 40 [307 P.2d 657]; *Glaeser* v. *City of Berkeley,* 148 Cal.App.2d 614 [307 P.2d 61]).

 Defendant recognizes this rule, but relies upon the often affirmed rule that ''An employee's vested contractual pension rights may be modified prior to retirement for the purpose of keeping a pension system flexible . . . and at the same time maintain the integrity of the system. [Citations.] Such modifications must be reasonable . . . and changes in a pension plan which result in disadvantage to employees should be accompanied by comparable new advantages'' (*Allen* v. *City of Long Beach, supra,* 45 Cal.2d 128, 131). Defendant contended, and the trial court found, that the pension fund set up by the 1929 ordinance was not actuarially sound. Upon this basis, defendant argues that the change to the 1945 system was reasonable, was designed to maintain the integrity of the system, and benefited the employee by assuring him of payment, thus meeting the requirement stated in Allen. However, assuming full actuarial soundness of the 1945 system, it does not follow that plaintiff was benefited by the change from the 1929 method.

It is clear that we should not construe the 1929 ordinance as ''designed to create an appearance of granting pensions while at the same time withholding the benefits by providing inadequate funds'' (*England* v. *City of Long Beach,* 27 Cal.2d 343, 348 [163 P.2d 865]). As regards treating the pension fund as the sole source for payment of retirement allowances, the ordinance and the statute incorporated by it are substantially similar to the charter provisions construed in England. It follows that the general fund of the city was liable for payments due under the 1929 ordinance, and that the establishment of an actuarially sound pension funding plan was an advantage to the city, rather than to its employees.

Defendant argues that the judgment can be affirmed only if we hold that section 20459 of the Government Code is unconstitutional. The contention is but slightly elaborated and not at all supported by citation of authority. We find no merit in it. Sections 20457 and 20458 provide that none of four groups of employees shall be included in a system established by contract with the California State Employees' Retirement System if a majority of such group has voted to disapprove entry into such system. Since these sections obviously refer to employees who have not been members of any retirement

system, it is apparent that the sections deal only with entry into the state system, and do not contemplate employee approval of withdrawal from an existing system.

Section 20459, which immediately follows, then provides that "If the public agency has an existing local retirement . . . system, and the proposed contract is to make all or part of the members of the local system members of this system, the employees voting shall be limited to active members of the local system . . ., and a two-thirds vote of approval by such employees is necessary." The required vote by Emeryville policemen in fact was held in 1944 before Ordinance 331 was adopted, and 8 of the 10 policemen voted in favor of the state system. Defendant apparently contends that under the code the vote to join the state system was a vote to abandon the old system. Thus, it suggests, the old system was abolished if section 20459 is constitutional. But the section nowhere refers to abandonment or abolition of the old system. There could well be doubt of constitutionality of a provision requiring a dissenting employee (there is no question that plaintiff voted against the state system) to lose his vested right in the old system. But the established rule is that statutes are to be so construed as to uphold their constitutionality (11 Cal. Jur.2d 384). We would have to reach far to read into section 20459 a provision that the old system is completely abolished by the new. The reach is unwarranted under the above rule. Still further the actions of the city itself indicate that it placed no such construction on the section. Ordinance Number 331, which authorized entry into the state system, was adopted October 23, 1944. The contract with the state system became effective January 1, 1945. It was not until April 19, 1945, when Ordinance Number 335 became effective, that any attempt to abandon the 1929 system was made. It seems clear that the city did not treat Ordinance Number 331, or the employees' vote which preceded it, as terminating the existing system. On the record before us, we have no reason to consider the claimed constitutional question raised by appellant.

Finally, defendant argues that plaintiff's action is barred by reason of his failure to bring the action until 14 years after the contract with the state system became effective. The argument is that this delay results in estoppel or waiver. But plaintiff at all times protested to the city council against the change of systems. There is some evidence that he once was demoted because of his persistence in these objections.

There is no real evidence of any change of position by the city in reliance upon his failure to sue, and the trial court specifically found that no such change of position occurred. The fact is that no retirement pension fell due until plaintiff's retirement in 1956. The applicable statute of limitations is three years (*Abbott* v. *City of Los Angeles, supra,* 50 Cal.2d 438, 462). This action was commenced within the three-year period from date the first payment fell due, and thus is not barred.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied February 9, 1961, and appellant's petition for a hearing by the Supreme Court was denied March 8, 1961.