[Civ. No. 12446. Third Dist. June 29, 1970.]

EUGENE F. BABBITT, Plaintiff and Respondent, v.
WINSTON O. WILSON et al., Defendants and Appellants.

COUNSEL

James P. Jackson, David W. McMurtry and Joseph E. Coomes, Jr., for Defendants and Appellants.

John B. Lewis and Edward S. Muktarian for Plaintiff and Respondent.

OPINION

MUNDT, J.*—This is a mandate action commenced in the Superior Court in and for Sacramento County by Eugene F. Babbitt, the respondent here. He challenged the application to him of certain amendments to the retirement provisions of the Charter of the City of Sacramento which were made after he entered upon his employment with the city but before he was retired for disability incurred in the line of duty. The trial court entered a peremptory writ of mandate commanding appellants to fix respondent's pension rights under the disability retirement system in effect at the time he entered upon his employment and to make payments accordingly. The issue

---

*Assigned by the Chairman of the Judicial Council.

was submitted to the trial court by a record consisting of the pleadings and documents and certain exhibits introduced into evidence. There was no oral testimony. The provisions of the Charter of the City of Sacramento, while introduced as exhibits, are the subject of judicial notice. Appellants have appealed from the court order.

The facts are that the respondent Babbitt entered into employment with the City of Sacramento as a police officer on December 12, 1949. At the time he entered upon his employment, the provisions of the Charter of the City of Sacramento setting forth the retirement benefits for policemen and firemen were contained in section 175. At that time it was provided that disability retirement would be 7.5 percent of the average compensation earned by a member during the 10 years immediately preceding his retirement. The charter was amended effective July 1, 1953, and the retirement benefits to the police and firemen were modified by expressly substituting the provisions contained in sections 175.13 to 175.26, inclusive, for the provisions of section 175. It was there provided that disability retirement be fixed at one-half of the retired person's earnings based on an average of the three highest years of employment; a benefit clause to the surviving spouse, children or parents, as well as a lump sum death benefit of $500, were also included.

Respondent retired in February of 1966 as a result of disability incurred in the course of his employment. The appellants proceeded to pay retirement benefits pursuant to the law as amended in 1953, said payments netting respondent $91 per month less than he would have received under the 1949 disability retirement provisions. Actually, had the respondent retired under the provisions of the law in effect at the time of the commencement of his employment, he would have received a monthly benefit of $422.48. His monthly benefit received under the 1953 amendment came to $331.92, which we will discuss later in this opinion. ■ The trial court determined that the detriment incurred by the respondent under the 1953 amendments was unreasonable and was not attended by any advantages of such a nature as to justify the reduction in the pension allowance. The findings support the judgment. ■ It is the rule in California that an employee's contractual pension rights are considered vested in that he has a right to a substantial, reasonable pension; alterations of pension rights are permitted only where such modifications are reasonable. (*Henry* v. *City of Los Angeles* (1962) 201 Cal.App.2d 299, 314 [20 Cal.Rptr. 440]; *Packer* v. *Board of Retirement* (1950) 35 Cal.2d 212, 214 [217 P.2d 660].) ■ When as here a modification results in a disadvantage to an employee, a comparable new advantage must be included if the modification is to be deemed reasonable. (See *Speight* v. *Million* (1965) 235 Cal.App.2d 233, 234 [45

Cal.Rptr. 191]; *Allen* v. *City of Long Beach* (1955) 45 Cal.2d 128, 131 [287 P.2d 765].) It has been determined in *Allen, supra,* that the modification must be reasonable, and it is for the courts to determine upon the facts of each case what constitutes a permissible change. The court said: "To be sustained as reasonable, alterations of employees' pension rights must bear some material relation to the theory of a pension system and its successful operation, and changes in a pension plan which result in disadvantage to employees should be accompanied by comparable new advantages." (*Allen* v. *City of Long Beach, supra,* 45 Cal.2d at p. 131.)

Appellants assert that a comparable new advantage may be found in the actuarial reserve required to operate the different systems and point out that the actuarial reserves required to provide respondent with his estimated present disability retirement of the charter section 175.16 are $47,171.14; the actuarial reserve required for his wife's estimated survivor's allowance under charter section 175.18 is $17,310.29, and that the total actuarial reserve required for respondent's retirement benefits are $64,481.43. Appellants further point out that the actuarial reserve required to provide respondent with an estimated disability retirement under section 175, with no survivor's allowance, would be $60,041.17. Appellants take the position that the trial court should have found and compared the relative values of benefits under the two systems as established by the evidence of the appellants' professional actuarial consultants, as requested by appellants. The failure to do so, according to appellants, was error.

Contributed retirement plans are funded on an actuarial basis, providing accumulated funds adequate to meet valid claims as they come due, others are not funded at all; rather, they are financed on a "cash disbursement" basis, on which the benefit burden bears no relation to the adequacy of accumulated reserves. It is of the utmost indifference to the employee who is about to retire whether the funds from which his pension is to be paid come from one source or the other. He is interested in the amount which he is to receive. He is equally indifferent to the sum accumulated in some actuarial fund. He is not comforted to learn that the actuarial reserves for himself and his wife exceed the actuarial reserves for himself alone under charter section 175. Appellants' position that the trial court should have found and compared the relative values of the benefits under the two systems as established by the evidence of appellants' professional actuarial consultants cannot be sustained.

The trial court was more properly concerned with the benefits accruing to respondent under both the old and new law and whether or not respondent suffered a detriment of a substantial nature when he was retired under the 1953 charter provisions with a monthly pension of $331.92. Had he then

retired under the law in effect when he entered upon his employment with the city, his retirement rate would have been $422.48 per month, a difference of $90.56 each month; rounded out to $91, this would result in a loss of income totaling $25,116 over his life expectancy of 23 years. The deprivation of this monthly sum from a small monthly income, measured by present standards, has a substantial impact on his life which is in no way alleviated by the fact that his wife may receive a smaller pension should he predecease her. We find here no comparable new advantage to offset the disadvantage incurred by the change.

The judgment of the trial court is affirmed.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied July 29, 1970, and appellants' petition for a hearing by the Supreme Court was denied August 26, 1970.